IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANE R. DAVIS, et al.          :
                                :
        Plaintiffs,              :   CIVIL ACTION
                                :
    vs.                          :   No. 10-cv-2119
                                :
JOHN R. FREDERICK, M.D., et al. :
                                :
        Defendants.              :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                    **September 9, 2010**

Before the Court is Defendant Ephrata Community Hospital's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Doc. No. 4) and the Response of Plaintiffs thereto (Doc. No. 10). For the reasons set forth in this Memorandum, the Court denies Defendant's Motion.

## I. BACKGROUND

Plaintiffs have filed this medical malpractice action against individual and institutional medical providers allegedly responsible for the death of Michele Davis. The present Motion challenges the sufficiency of two aspects of Plaintiffs' Complaint: (1) Plaintiffs' allegation that Defendant Ephrata Community Hospital is liable under a corporate negligence theory, and (2) Plaintiffs' allegations referencing actions of unnamed

1

employees, agents, ostensible agents, and other individuals for whom Defendant is allegedly responsible.

## II. **STANDARD OF REVIEW**

A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. The court must take all such factual allegations in the complaint as true; it does not take as true "a legal conclusion couched as a factual allegation." Id. (citation omitted). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. at 1949.  Thus, the plaintiff need not satisfy any "probability" requirement but must set forth "more than a sheer possibility that a defendant has acted unlawfully."  Id.

B.  Motion for a More Definite Statement Pursuant to Rule 12(e)

Granting a motion for a more definite statement is appropriate if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); see also Schaedler v. Reading Eagle Publ'ns, Inc., 370 F.2d 795, 797-98 (3d. Cir. 1967); Hicks v. Arthur, 843 F. Supp. 949, 959 (E.D. Pa. 1994) ("A court may grant a Rule 12(e) motion when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" (citation omitted)).

### III.  Discussion

A.  Motion to Strike Allegations of Corporate Negligence Against Defendant

Under Pennsylvania law, corporate negligence is "a basis for hospital liability separate from the liability of the practitioners who actually have rendered medical care to a patient." Brodowski v. Ryave, 885 A.2d 1045, 1056 (Pa. Super. Ct. 2005) (en banc) (citation omitted).  A hospital is liable "if it fails to uphold the proper standard of care owed the patient,

which is to ensure the patient's safety and well-being while at the hospital." Thompson v. Nason Hosp., 591 A.2d 703, 707 (Pa. 1991).

A hospital's duties to a patient fall into four areas: (1) to use reasonable care in the maintenance of safe and adequate facilities and equipment, (2) to select and retain only competent physicians, (3) to oversee all persons who practice medicine within its walls as to patient care, and (4) to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients. Id. To establish the cause of action, the plaintiff must also show that the hospital had "actual or constructive knowledge of the defect or procedures which created the harm" and that the hospital's negligence was a substantial factor in bringing about the harm. Id. at 708. For example, "a hospital staff member or employee has a duty to recognize and report abnormalities in the treatment and condition of its patients." Id. at 709. Thus, "[w]hen there is a failure to report changes in a patient's condition and/or to question a physician's order which is not in accord with standard medical practice and the patient is injured as a result, the hospital will be liable for such negligence." Id.

Although Defendant argues that Plaintiffs have failed to plead sufficient facts as to corporate negligence, this Court disagrees. Plaintiffs' Complaint charges Defendant with, among

4

other things, "[f]ailing to insure that physician personnel and resident physicians practicing at Defendant, Ephrata Community Hospital and participating in Michele Davis' treatment and care were appropriately knowledgeable, experienced, and trained in the management, diagnosis, treatment, treatment options and indications for gall bladder surgical intervention and complications from these medical conditions"; "[f]ailure to implement adequate policies and procedures for discharge and follow-up of patients having outpatient abdominal surgery"; and "[f]ailure to formulate, adopt and enforce policies and procedures for adequate evaluations in the post-operative recovery unit to assure post-surgical patients are not discharged with post-operative life threatening complications."  (Compl. ¶ 84.)

The Complaint also provides extensive detail as to the treatment Ms. Davis received at Defendant hospital and elsewhere between May 1 and May 9, 2008.  Among other things, it alleges that Ms. Davis died within days of a procedure at Defendant hospital, during which procedure her surgeon noted stomach adhesions and bile leakage but failed to provide necessary follow-up care.  This Court finds it plausible that Defendant hospital's policies and procedures are responsible, at least in part, for Ms. Davis's death.

To the extent that the Complaint does not contain more specific factual allegations concerning the actual policies and procedures and any language therein, this is because Defendant, not Plaintiffs, is in possession of, and knowledgeable about, such policies.  Defendant can thus begin to formulate a defense based on the allegations contained in the Complaint; if no details about the specific policies and procedures emerge during discovery, Defendant can move for summary judgment.

Moreover, to the extent that Defendant relies on Pennsylvania state court decisions ruling on the sufficiency of pleadings, this Court notes that Pennsylvania state courts follow the system of fact pleading.  Under this system, "the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." Miketic v. Baron, 675 A.2d 324, 330 (Pa. Super. Ct. 1996) (citation omitted).  The complaint "must not only apprise the defendant of an asserted claim, but it must also synopsize the essential facts to support the claim." Id. at 331.  In contrast, in federal court, the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Rannels v. S.E. Nichols, Inc., 591 F.2d 242, 245 (3d Cir. 1979) (citation omitted).  "[I]f a complaint is properly pleaded, the concern for lack of evidence is only germane after an opportunity for discovery." Jurimex Kommerz Transit G.M.B.H. v. Case Corp.,

65 Fed. App'x 803, 807 (3d Cir. 2003). Indeed, the Third Circuit has recognized that "[p]laintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs [at the pleading stage]." Id. at 808 (quoting Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989)). Nonetheless, there are even state court decisions dismissing pre-discovery challenges to corporate negligence claims. See Kapacs v. Martin, 81 Pa. D & C. 4th 509, 523-24 (Ct. Com. Pl. 2006) (reasoning that it would be "premature" to dismiss the claim before discovery). Accordingly, the motion to dismiss is denied and Plaintiffs will be given an opportunity for discovery.

Defendant asks in the alternative for a more definite statement. For the reasons discussed above, this Court concludes that Defendant is sufficiently on notice regarding Plaintiffs' claims, and will thus deny the motion for a more definite statement.

B.  Motion to Strike Allegations Based on Actions of Unnamed Employees, Agents, Ostensible Agents, and Other Individuals

Defendant argues that the Complaint fails to sufficiently identify or describe unnamed employees and other individuals and to plead facts that support the existence of an agency relationship between such individuals and Defendant hospital. The Third Circuit, however, has held that "discovery is necessary when an agency relationship is alleged, thereby implicitly

7

allowing allegations of agency to survive a facial attack." Jurimex, 65 Fed. App'x at 808 (citing Canavan v. Beneficial Fin. Corp., 553 F.2d 860, 865 (3d Cir. 1977)).

Defendant cites a Pennsylvania state court decision holding that,

> [w]hile it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.

Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan, 535 A.2d 1095, 1100 n.2 (Pa. Super. Ct. 1987). Again, this Motion is now pending in federal court and not governed by Pennsylvania rules of civil procedure as to fact pleading. Even so, there are Pennsylvania state court decisions supporting denial of such a motion. See, e.g., Kapacs, 81 Pa. D & C 4th at 520-21 (holding that allegations of negligence against a medical clinic for actions by its "agents, servants and/or employees, [named defendants], and various nursing, medical, and technical personnel" were "sufficiently specific pursuant to [state] procedural rules[,] as the Defendant is capable of identifying these individuals through the discovery process as those involved in the care of [the] decedent").

The Complaint provides copious detail about Ms. Davis's stay at Defendant hospital, including what treatment she received,

when she received it, and, to the extent possible at this early stage, by whom she received it. Ms. Davis is, of course, not present to provide further facts as to who treated her or oversaw her care during the period in question. Defendant hospital, in contrast, has—or should have—such information in its possession. The discovery process will thus unearth the names of other individuals, if any, who participated in Ms. Davis's care and for whom Defendant was responsible. In the meantime, the description of events puts Defendant on notice of the claim for negligence based on actions of individuals whose names are presently unknown to Plaintiffs, and the motion to dismiss is denied.

Defendant asks in the alternative for a more definite statement. For the reasons discussed above, this Court concludes that Defendant is sufficiently on notice regarding Plaintiffs' agency-based claims, and will thus deny the motion for a more definite statement.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) is denied.